```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
Gary Primo,

                Petitioner,              CV-07-3387 (CPS)

   - against -                           MEMORANDUM OPINION
                                         AND ORDER
United States of America,

                Respondent.
-------------------------------------X
```

SIFTON, Senior Judge.

Gary Primo ("Primo") was convicted on November 3, 2004 after a jury trial of (1) conspiring to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841, and (2) knowingly and intentionally distributing and possessing with intent to distribute cocaine base and marijuana in violation of 21 U.S.C. § 841. On June 30, 2005, Primo was sentenced to 41 months imprisonment on each count, to run concurrently, and to 3 years supervised release, on each count, to run concurrently. Now before the court is Primo's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the petition is denied.

## BACKGROUND

The following facts are drawn from the parties' submissions in connection with this motion and the record from the underlying criminal proceedings before the undersigned.

On August 8, 2003, Primo, along with seventeen co-

defendants, was indicted for conspiring to distribute and possession with intent to distribute cocaine base and marijuana, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(iii) and (b)(1)(C).

On August 13, 2003, Primo was arrested at his residence for his alleged participation in a conspiracy to distribute cocaine base and marijuana at Marcus Garvey Village, a New York City Housing Authority apartment complex in Brooklyn, NY. That same day Allen Lashley was appointed as counsel for Primo under the Criminal Justice Act. On August 14, 2003, Primo was released on $150,000 unsecured bond after agreeing to the conditions of pretrial release set by Magistrate Judge Steven M. Gold.

On August 7, 2004, the August 8, 2003 indictment was superseded by a three count indictment, which charged Primo with the same count as the original indictment. On October 15, 2004, the August 7, 2004 indictment was superseded by a seven count indictment, charging Primo with the same count from the original indictment as well as one additional count of distributing and possessing with the intent to distribute cocaine base and marijuana in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(B)(iii), and (b)(1)(D). On November 3, 2004, after a jury trial, Primo was found guilty on both counts.

In connection with Primo's sentencing, Primo's counsel provided the court with a written submission drawing attention to

Primo's "favorable family history." Letter from Allen Lashley, dated March 16, 2005, p. 2. Primo's counsel also submitted letters from his wife and pastor to the court. *See* Letters from Maurette Primo and Pastor Ellsworth D. Chester, attached to Letter from Allen Lashley, dated April 25, 2005.

At Primo's June 30, 2005 sentencing before the undersigned, Primo's counsel argued that under 18 U.S.C. § 3553(a), the court should take into consideration Primo's status as a family man with a wife and three kids, citing to the letters submitted on Primo's behalf. Transcript of June 30, 2005 Sentencing("June 30 Tr.") at 12-13. Primo also referenced his family when addressing the Court. *Id.* at 13-14.

Before imposing his sentence, I considered the factors set forth by 18 U.S.C. § 3355(a), including Primo's marital status and his relationship with his children. *Id.* at 15. I found that 50 grams of crack were involved in the conspiracy for which Primo was convicted and I sentenced Primo to a non-guideline sentence of 41 months imprisonment on each count, to run concurrently, and to 3 years supervised release, on each count, to run concurrently. Primo's originally imposed sentence of 41 months was below the 5 year statutory minimum. *See* 28 U.S.C. § 841(b)(1).

Primo appealed the judgment to the United States Court of Appeals for the Second Circuit ("Second Circuit"). On September

26, 2006, the Second Circuit affirmed both the conviction and sentencing imposed by this court. *United States v. McFarlane*, 198 Fed.Appx. 56 (2d Cir. 2006). Primo then filed a writ of certiorari, which was denied by the United States Supreme Court in December 2006. *Primo v. United States*, 127 S.Ct. 747 (2006).

On August 15, 2007, Primo filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.

While the instant motion was pending, the United States Supreme Court decided *Kimbrough v. United States*, 128 S.Ct. 558 (2007) and the United States Sentencing Guidelines ("Sentencing Guidelines") were amended with respect to the calculation of base offense levels for cocaine base ("crack") offenses.

In *Kimbrough,* the Supreme Court held in pertinent part that a district court can depart from the guidelines crack-quantity ratio if the court concludes that the guidelines ratio yields a sentence "greater than necessary" to achieve the purposes of 18 U.S.C. § 3553(a). *Kimbrough*, 128 S.Ct. at 575.

On November 1, 2007, Amendment 706, as further amended by Amendment 711, to Sentencing Guideline § 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy, took effect. Amendment 706 generally reduces by two levels the base offense levels applicable to cocaine base ("crack") offenses. On December 11, 2007, the United States

Sentencing Commission (the "Sentencing Commission") voted to apply the amendment retroactively to crack offenses, effective March 3, 2008. The Sentencing Commission also amended Policy Statement § 1B1.10, which will implement the retroactive application of Amendment 706, as amended by Amendment 711, effective March 3, 2008.

On February 2, 2008, Primo supplemented his motion with the request that the Court consider lowering his sentence in accordance with the Supreme Court's decision in *Kimbrough* and the retroactive application of the amended Sentencing Guidelines.

Defendant has been serving his term of imprisonment at the Moshannon Valley Correctional Institution in Philipsburg, Pennsylvania. His estimated date of release is January 17, 2010.

**DISCUSSION**

28 U.S.C. § 2255[1] provides a prisoner in federal custody a limited opportunity to challenge collaterally the legality of the

---

[1] 28 U.S.C. § 2255 states in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> ...If the court finds that . . . the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255.

sentence imposed on him by the court. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). In a § 2255 proceeding, the petitioner bears the burden of proving by a preponderance of the evidence that his sentence was imposed unlawfully. *See Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000).

In order to prevail on a claim of ineffective assistance of counsel the petitioner must demonstrate both that (1) his prior counsel's performance "fell below an objective standard of reasonableness" and (2) a reasonable probability that but for the deficient performance, the sentencing would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "[T]he defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)(citing *Strickland,* 466 U.S. at 689).

Petitioner seeks a modification of his sentence to time served under 28 U.S.C. § 2255 because of prior counsel's alleged ineffective assistance at sentencing. Primo argues that his counsel was ineffective because he failed to seek a downward departure for extraordinary family circumstances pursuant to

Sentencing Commission Policy Statement § 5H1.6,[2] and failed to argue that Primo's family circumstances were mitigating factors under 18 U.S.C. § 3553(a).[3]

Applying the *Strickland* standard, Primo has failed to demonstrate that his prior counsel was ineffective. Prior counsel did argue that Primo's family circumstances were a mitigating factor under § 3553(a). Primo's prior counsel drew the court's attention to Primo's family history in his written

---

[2] United States Sentencing Commission policy statement § 5H1.6 states in relevant part:

> In sentencing a defendant. . . family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted.

U.S.S.G. § 5H1.6, p.s. However, departures may be made for the loss of caretaking or financial support, if after taking into consideration the seriousness of the offense, involvement of any family members in the offense, and danger to members of the family as a result of the offense, the following conditions are met:

> (i) The defendants's service of a sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support, to the defendant's family.
>
> (ii) The loss of caretaking or financial support substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant. . .
>
> (iii) The loss of caretaking or financial support is one for which no effective remedial or ameliorative programs reasonably are available, making the defendant's caretaking or financial support irreplaceable . .
>
> (iv) The departure effectively will address the loss of caretaking or financial support.

U.S.S.G. § 5H1.6, comment. (n.1).

[3] 18 U.S.C. § 3553(a) states in relevant part:

> The court, in determining the particular sentence to be imposed, shall consider the nature and circumstances of the offense and the history and characteristics of the defendant.

18 U.S.C. § 3553(a).

submission, providing letters to the court from Primo's wife and pastor, and then arguing at sentencing that Primo's family life was one of the § 3553(a) factors to be considered in support of a lenient sentence. Prior counsel's decision not to argue for a downward departure based on extraordinary family circumstances and not to submit letters from Primo's entire family, including children, siblings, and friends, fell within the acceptable range of professionally reasonable conduct. I also find that prior counsel's briefing of the § 3553(a) factors as they applied to Primo fell within the range of professionally reasonable conduct. Accordingly, prior counsel provided Primo with effective assistance at sentencing.

In any event, had prior counsel's performance been deficient, the sentence imposed would not have been any different.

If the defendant's family circumstances are determined to be extraordinary, the court may take them into account in making a downward departure. *See United States v. Sharpsteen*, 913 F.2d 59, 63 (2d Cir. 1990); *see also* U.S.S.G. § 5H1.6, p.s.

Petitioner argues that his family circumstances are extraordinary because of his responsibility for the well-being of his immediate family and his aging widowed mother. Primo, however, is not the sole financial provider or caretaker for his family. Primo is married and his wife also has full-time

employment and cares for their children. Primo's eldest daughter is currently in college and his younger daughter is a high school senior. Only Primo's son, age seven, is a young child. Although Primo may be a source of support for this child as well as his aging mother, his child and mother are not without resources because Primo's wife and several siblings reside in New York City. While Primo's family will understandably suffer hardship on account of Primo's continued imprisonment, "[t]he financial and emotional circumstances of [Primo's] incarceration are no greater than those faced by most criminal defendants who have a family . . ." *United States v. Faria*, 161 F.3d 761, 763 (2d Cir. 1998). Hence, even if Primo's prior counsel had submitted letters from everyone in Primo's family and had argued for a downward departure based on extraordinary family circumstances, the same sentence would have been imposed. Accordingly, Primo's ineffective assistance of counsel claim is denied.

Next, Primo argues that his sentence should be lowered based on the Supreme Court's recent decision in *Kimbrough*, and the Sentencing Commission's decision to apply the recent Sentencing Guidelines amendments retroactively to crack offenses.

Primo argues that he would have been sentenced to an even lower term of imprisonment had *Kimbrough* been decided prior to his June 30, 2005 sentencing. *Kimbrough* recognizes that judges may depart from the Sentencing Guidelines crack-cocaine quantity

ratio if the court concludes that the guidelines ratio yields a sentence "greater than necessary" to achieve the purposes of 18 U.S.C. § 3553(a). *See Kimbrough*, 128 S.Ct. at 575. At Primo's sentencing, I stated that I was imposing a non-guideline sentence because I found that the Sentencing Guidelines overstate the seriousness of crack offenses. Instead of relying the Sentencing Guidelines base offense level of 32, I applied a ten to one or twenty to one ratio, which corresponded to a base offense level of 26. *See* Transcript of June 30, 2005 Sentencing at 14. Accordingly, Primo's sentence would not have been any different had *Kimbrough* been decided prior to his sentence.

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may modify the sentence of a defendant whose term of imprisonment was based on a sentencing range that has since been lowered by the Sentencing Commission.[4] Because the Sentencing Commission voted to apply Amendment 706 retroactively, I may consider Primo's eligibility for a reduction in his sentence.

Under the old guidelines, the recommended sentencing range

---

[4] 18 U.S.C. § 3582(c)(2) states:

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

was 63 to 78 months. Under the new guidelines, Primo's base offense level is 30. With a base offense level of 30, he would no longer be eligible for a cap reduction under U.S.S.G. § 2D1.1(a)(3). With a two point mitigating role reduction and a two point safety valve reduction, Primo's new offense level would be 26. Accordingly, the applicable sentencing range for Primo's conviction remains the same at 63 to 78 months and Primo is not eligible for a reduction in his sentence.

Even if the applicable sentencing range was now lower, I would not reduce Primo's sentence. Reaching the same conclusion regarding the § 3553(a) factors as I did at defendant's original sentencing and taking into consideration the fact that his original sentence was a non-guideline sentence, *see* U.S.S.G. § 1B1.10(b)(2)(B), p.s.(effective March 3, 2008),[5] I conclude that a further reduction in his sentence would not be appropriate. Accordingly, Primo's request for a modification in his sentence based on *Kimbrough* and the amended Sentencing Guidelines is denied.

---

[5] Policy Statement § 1B1.10 states in relevant part:

[I]f the original term of imprisonment constituted a non-guideline sentence pursuant to 18 U.S.C. § 3553(a) and <u>United States v. Booker</u>, 543 U.S. 220 (2005), a further reduction would generally not be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B), p.s. (effective March 3, 2008).

## CONCLUSION

For the reasons set forth above, Primo's § 2255 petition is denied. Petitioner is denied a certificate of appealability because he has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Clerk is directed to transmit a copy of the within to all parties and to the magistrate judge.

SO ORDERED.

Dated:   Brooklyn, New York
         February 14, 2008


             By:   /s/ Charles P. Sifton (electronically signed)
                            United States District Judge